Whenever you're ready. Good morning, Your Honors, and may it please the Court. My name is Michael Niebuhr, and I, along with Christine Naumann, are student co-counsel for Petitioner Roberto Galan. We're joined here today by supervising attorneys Gary Watt and Stephen Tallfield. I hope to reserve about two minutes of my time for rebuttal. Your Honors, the BIA erred in two different ways when it decided it didn't have jurisdiction to consider Mr. Galan's motion to reopen his reasonable fear proceedings. First, it clearly misconstrued that motion when it held that it was an appeal from the immigration judge's denial of a motion for reconsideration. And second, because it misconstrued that motion, it also erred in holding that it did not have jurisdiction to consider that motion itself. Therefore, Mr. Galan requests that this Court grant his petition and remand the matter to the BIA with the direction to properly hear Mr. Galan's claims for ineffective assistance. I thought the BIA could only decide a motion to reopen if it had issued the initial decision itself. Well, that's not correct, Your Honor, for a few different reasons. The first of which is that the BIA's general authority to hear motions to reopen is governed primarily by 8 CFR 1003.2a. And there are two grants of authority in that section. The first merely says that the BIA can only exercise sua sponte authority over a motion to reopen. So it can only reopen on its own motion if it has rendered a prior decision. Now, the other grant merely says that the discretion to grant or deny a motion to reopen is within the discretion of the Board. And so that is a very broad grant of authority to consider a motion to reopen in a variety of circumstances. And that is backed up by subsequent subsections. For example, more specifically, motions to reopen are governed under the same section, but subsection C, which says that a motion to reopen must merely state the evidence that the applicant seeks to admit that was unavailable at the former hearing, which is much more all-encompassing than the requirement for a motion for reconsideration before the Board under subsection B, which explicitly states that the prior decision that needs to be reconsidered is a prior decision of the Board. Now, if the Attorney General had truly meant to restrict motions to reopen solely to circumstances where the Board had already rendered a decision, it stands to reason that he or she would have used that same specific language in subsection C, because subsection A does not include any restriction on the BIA's general ability to hear motions to reopen. And, Your Honors, that view is actually further fortified by Correa Rivera, in which this Court was hearing a petition for review of a motion to reopen before the BIA for ineffective assistance of counsel, where the BIA had not issued any other decision. Now, in that case, the relevant holdings are really two things. First, this Court reiterated that any motion before the BIA alleging claims of ineffective assistance of counsel must be construed as a motion to reopen. And second, it remanded that motion to reopen back to the BIA with the explicit direction that the BIA grant that motion, despite the fact that the BIA had not issued any earlier opinion in that matter. And so Correa Rivera backs up the petitioner's belief that the BIA has the proper jurisdiction to at least consider his claims for ineffective assistance of counsel. Well, I assume in Correa Rivera that at least the type of proceeding at issue there was something that could be brought before the BIA in the first instance, as opposed to here, right? Well, that's true, Your Honor. But for purposes of the motion to reopen question, whether or not an applicant can appeal to the BIA really isn't a relevant question, because in immigration- It is in this sense. I mean, if the agency decides that we are not – we, the BIA, are not going to have any involvement in this particular type of proceeding, period, it just seems like an odd end run around that to then say, well, but you – there's no appeal that lies, but feel free to file whatever motion to reopen you want as long as you can present some new evidence, I guess. Well, Your Honor, that distinction does make sense because the motion to reopen and the appeal are two specific and distinct procedural vehicles in immigration proceedings. The purpose of an appeal is to review an existing record for a legal or factual error. The purpose of the motion to reopen is quite different in that it seeks to supplement an existing record with additional evidence. Right. And go back to the original decision-maker and say, you, he, she, whoever it is, it, if it's the BIA, there's new material that wasn't available to you the last time. Please take a look. I think this changes the game. So it seems to me your remedy here would be if you wanted to reopen to go back either to the IJ or if that's not available, then back down to DHS. Well, Your Honor, the important fact here is that at the record on page 47, I called the court's attention to the IJ's denial of the motion to reconsider, wherein she said that she lacked any jurisdiction to reopen or reconsider her decision. And so at this point – Before you leave that, is your position that she was mistaken? Well, no, Your Honor. Our position is that because the BIA has such clear authority to hear Mr. Glahn's motion to reopen, he had an appropriate remedy at the BIA, so it is unnecessary to address whether the IJ was or was not the proper body. Your Honor, the exhaustion requirements of this court also support giving Mr. Glahn relief at the BIA level because this court very clearly requires a prudential exhaustion for due process claims like ineffective assistance of counsel. And so Mr. Glahn, after he was denied jurisdictionally by the IJ, was faced with the requirement from this court that he exhaust his ineffective assistance of counsel claim administratively before proceeding to an Article III court, while at the same time facing an agency process that told him that they had no ability to hear his ineffective assistance of counsel claim. And, of course, Mr. Glahn has a Fifth Amendment right to competent counsel in his reasonable fear proceedings, and so leaving him without any avenue to allow an agency to hear his ineffective assistance claim leaves him effectively with no possibility of any judicial review of that decision because any petition for review, or indeed even a habeas petition, would be deemed premature before he had exhausted that claim before the immigration agency. And seeing as how the immigration judge did not have any jurisdiction to consider his claim, the only other body that he could have possibly proceeded to was the BIA. And, Your Honors, if you have no further questions, I would like to reserve the remainder of my time. Okay. Thank you. Your Honor, the BIA is a creature of regulation, and the Board's power are dictated, or its authority to decide cases, to reopen cases is dictated by regulation. And the regulations give the Board the authority to reopen and reconsider cases in which it has previously entered a decision. The Board has not entered a decision in this case prior to Mr. Glahn's errant appeal. Therefore, there was nothing for the Board to reopen. And the Board had no ability to handle the ineffective assistance of counsel claim. So, therefore, the Board properly dismissed this appeal. Thank you. Where is a petitioner in Mr. Glahn's shoes supposed to litigate an IAC claim? I believe he is still detained, is my understanding. Yes, Your Honor. I'm sorry. Where is he supposed to litigate his ineffective assistance of counsel claim if he can't do it before the BIA? Well, before IALA, I would have said that it was DHS. However, IALA has worked on at least the assumption that immigration judges can reopen and reconsider their negative reasonable fear determinations. And so, consequently, if there was ineffective assistance of counsel, there is no doubt that the appropriate place would be before the body where the ineffective assistance occurred. The Attorney General, however, has not had the opportunity to directly address that question, so I hesitate to say that is the law. But I can say that the landscape appears to have changed somewhat since the IALA decision was issued. But the board is not the place for this case to have been litigated. Any other questions? I don't think so. Thank you. Then I will rest on my briefs and my argument. Thank you, Your Honors. Thank you, Your Honors. Can I ask you just to go back to the reg that you were citing us? Yes, Your Honor. Is it 103.2? Subsection A, Your Honor. Yeah, okay. And so your point was, say it again. That the third sentence in that subsection, Your Honor, that the decision to grant or deny a motion to reopen or for reconsideration is within the discretion of the board, subject to the restrictions of this section. Yeah, and the restriction of this section is in the first sentence, right? Well, no, Your Honor, because on its face, that language only addresses the authority of the board to reopen a case on its own motion. And, of course, if the board is reopening a matter on its own motion, it is not denying anything under any circumstance. Well, that's the first sentence. And then the second sentence covers everything else. And it, too, is limited to a case in which the BIA has rendered a decision, right? Well, Your Honor, again, on its face, that second sentence merely says that any motion to reopen in which the board has rendered a prior decision has to come through the form of a written motion. It doesn't talk about any restriction on the BIA's general authority to hear a motion to reopen. Okay. I just, yeah, I see what you're saying. I just don't think that's the proper reading of subsection A. But I at least understand what you're saying. Well, Your Honor, I will briefly mention that Correa Rivera, notwithstanding the language of the regulation, still thought that the BIA had the jurisdiction to consider a motion to reopen even if it had not rendered a prior decision, which, of course, is the reason why the result in that case was to remand the matter with the direction that the BIA grant that motion to reopen. Now, of course, this court would have not given that direction if it did not believe that the BIA had proper jurisdiction to take that action. And that opinion is actually backed up further in the Hernandez case that Your Honor mentioned earlier, which did end up holding that the place of filing rule was merely a claims processing rule and not any sort of jurisdictional limitation. And so if Your Honors have no further questions, I'll submit. Thank you. I think you're off the hook. Okay. Thank you so much. We'll go on to the next. And thank you for all the help on the pro bono case. We appreciate it very, very much.
judges: Christen, Watford, Soto